UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                            :

UNITED STATES OF AMERICA

                            :      CONSENT PRELIMINARY ORDER
                                 OF FORFEITURE/
        - v. -              :      <u>MONEY JUDGMENT</u>

ELIAN TUDOR,                :      21 Cr. 136 (SHS)

             Defendant.        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

WHEREAS, on or about March 1, 2021, ELIAN TUDOR (the "Defendant"), was charged in a four-count Information 21 Cr. 136 (SHS) (the "Information"), with conspiracy to commit access device fraud, in violation of Title 18, United States Code, Sections 1029(a)(1), (a)(4), and (b)(2) (Count One); conspiracy to commit mail and wire fraud affecting a financial institution, in violation of Title 18, United States Code, Section 1349 (Count Two); aggravated identity theft, in violation of Title 18, United States Code, Sections 1028A(a)(1), 1028A(b) and 2 (Count Three); and false use of a passport, in violation of Title 18, United States Code, Sections 1543 and 2 (Count Four);

WHEREAS, the Information included a forfeiture allegation as to Count One of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(B) and 1029(c)(1)(C) of any and all property constituting, or derived from, proceeds obtained directly or indirectly, as a result of the commission of the offense charged in Count One of the Information, and any and all personal property used or intended to be used to commit the offense charged in Count One of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Information that the Defendant personally obtained;

WHEREAS, the Information included a forfeiture allegation as to Count Two of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), of any and all property constituting, or derived from, proceeds obtained directly or indirectly, as a result of the commission of the offense charged in Count Two of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count Two of the Information;

WHEREAS, on or about October 1, 2020, the Government seized from the Defendant's residence at 300 Sunny Isles Boulevard, Unit 4-806, Sunny Isles Beach, Florida at the time of his arrest, the following:

a. 18kt Rose gold men's AP Audemars Piguet Royal Oak Watch with Black Rubber Straps;

b. 18kt Rose Gold Screw threaded Diamond Bangle containing four bolt accents with straight baguette shaped diamonds, H in Color, VS2 in clarity, 1.60 cttw;

c. 18kt Yellow Gold Tennis Style Diamond Necklace containing 250 White Diamonds, H in color, S2 in Clarity, 13.08 cttw;

d. 18kt White Gold "Love Bracelet" style diamond bracelet containing 3.15ct in Pave Set Diamonds, H in color Sl1 in clarity;

e. 18kt Yellow gold "Love Bracelet" Style Diamond Bracelet containing 3.20cr in Pave Set Diamonds, H in color, Sl1 in Clarity; and

f. $20,323.00 in United States currency;

(a through f, collectively, the "Specific Property");

WHEREAS, on or about  December 15, 20214, the Specific Property was administratively forfeited to the United States (the "Forfeited Property");

WHEREAS, on or about March 1, 2021, the Defendant pled guilty to Counts One and Two of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Counts One and Two of the Information and agreed to forfeit to the United States: (i) pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1029(c)(1)(C), any and all property constituting, or derived from, proceeds obtained directly or indirectly, as a result of the commission of the offense charged in Count One of the Information, and any and all personal property used or intended to be used to commit the offense charged in Count One of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Information; and (ii) pursuant to Title 18, United States Code, Section 982(a)(2)(A), any and all property constituting, or derived from, proceeds obtained directly or indirectly, as a result of the commission of the offense charged in Counts Two of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count Two of the Information;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $444,750 in United States currency, representing the amount of proceeds traceable to the offenses charged in Counts One and Two of the Indictment that the Defendant personally obtained; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the commission of the offenses charged in Counts One and Two of the Information that the Defendant personally obtained cannot be located upon the exercise of due diligence; and

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorneys Samuel P. Rothschild and Danielle Kudla, of counsel, and the Defendant and his counsel, Sam Braverman, Esq., that:

1.    As a result of the offenses charged in Counts One and Two of the Information, to which the Defendant pled guilty, a money judgment in the amount of $444,750 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Counts One and Two of the Indictment that the Defendant personally obtained, shall be entered against the Defendant.

2.    The Forfeited Property shall be applied towards the satisfaction of Defendant's Money Judgment.

3.    Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture /Money Judgment is final as to the Defendant, ELIAN TUDOR, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4.    All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Department of Treasury and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering, 26 Federal Plaza, New York, New York 10278 and shall indicate the Defendant's name and case number.

5.    Upon entry of this Consent Preliminary Order of Forfeiture/Money Judgment, and pursuant to Title 21, United States Code, Section 853, the United States Department

of Treasury is authorized to deposit the payments on the Money Judgment into the Treasury Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6.  Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

7.  Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

8.  The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

9.    The signature page of this Consent Preliminary Order of Forfeiture/Money

Judgment may be executed in one or more counterparts, each of which will be deemed an original

but all of which together will constitute one and the same instrument.


AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York


By: _____            June 24, 2024

DANIELLE KUDLA                              DATE
SAMUEL P. ROTHSCHILD
Assistant United States Attorneys
26 Federal Plaza
New York, NY 10278
(212) 637-2304

ELIAN TUDOR


By: _____            6/28/24

ELIAN TUDOR                                 DATE


By: _____            6/28/24

SAM BRAVERMAN, ESQ.                         DATE
Attorney for Defendant
FB&D, LLP
225 Broadway, Suite 715
New York, NY 10007

SO ORDERED:


_____                June 28, 2024

HONORABLE                                  DATE
UNITED STATES DISTRICT JUDGE